UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| James E. Wilson, aka James Edward Wilson, | ) C/A No. 6:09-3151-TLW-WMC |
|---|---|
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| M. M. Mitchell, Warden, | ) |
| Respondent. | ) |

The petitioner, James E. Wilson ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at the Federal Correctional Institution, in Edgefield, South Carolina, a facility of the Federal Bureau of Prisons. Petitioner contends he is in custody in violation of the laws of the United States because he is actually innocent of being a career criminal under 18 U.S.C. 924(e), Armed Career Criminal Act ("ACCA"), and his sentence is in excess of what the law authorizes. Petitioner seeks to have his sentence vacated and to be re-sentenced without application of the ACCA. This action should be summarily dismissed because it is clear from the petition, with attachments, that the relief requested is not available pursuant to § 2241.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the plaintiff's petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254)

This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Background**

Petitioner entered a guilty plea in this Court on June 2, 2004, to the charge of Felon in Possession of a Firearm, 18 U.S.C. § 922 (g)(1).[2] Petitioner was sentenced to 192 months imprisonment on October 24, 2004, pursuant to 18 U.S.C. § 924(e)(1). Petitioner filed a direct appeal, "alleging that his sentence under the ACCA violated his 5th and 6th amendment rights," and the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") dismissed the appeal on December 29, 2005. Petitioner filed an appeal and the United States Supreme Court denied certiorari.

Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on April 9, 2007, alleging his plea agreement had been violated by the government not filing a substantial assistance motion at sentencing. The United States filed a motion to reduce Petitioner's sentence based on substantial assistance and, filed a response to the § 2255 motion arguing the § 2255 motion was now moot. An Order dismissing Petitioner's § 2255 motion as moot was entered on June 9, 2008. After a hearing on the government's motion, the Court entered an amended judgment reducing Petitioner's sentence from 192 months to 144 months on June 23, 2008. On August 13, 2008, Petitioner filed an appeal of the dismissal of his § 2255 motion, as well as a motion for a certificate of appealability ("COA"). The COA motion was based primarily on the Supreme Court's decision on April 16, 2008 in *Begay v. U.S.*, 128 S.Ct. 1581 (2008), and

---

[2] Petitioner states the procedural history of his case in the attachment to his § 2241 petition. [Docket entry 1-1 at 8-12]. Further details are found in his criminal case, Crim. No. 4:03-1058-TLW (D.S.C). *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

for the first time, challenged his sentence for using a state conviction for failure to stop for a blue light as a "violent felony" for purposes of the ACCA. The Fourth Circuit requested Petitioner file an informal brief, which he did on October 25, 2008. The Fourth Circuit dismissed Petitioner's appeal on January 13, 2009, denying a certificate of appealability because Petitioner failed to make a "substantial showing of the denial of a constitutional right." *United States v. Wilson*, Op. No. 08-7621 (4th Cir. January 13, 2009)(unpublished). Petitioner filed for rehearing, and the petition was denied March 23, 2009.

In *Begay v. U.S.*, 128 S.Ct. 1581 (2008), on April 16, 2008, the Supreme Court held that a conviction in New Mexico for felony driving under the influence is not a violent felony that triggers the mandatory 15-year minimum under the ACCA. On January 5, 2009, applying *Begay*, the Fourth Circuit in *U.S. v. Roseboro*, 551 F.3d 226 (4th Cir. 2009), found that the South Carolina statute for failure to stop for a blue light could be found to be either a violent or non-violent felony for purposes of the ACCA. *Roseboro* abrogated *U. S. v. James*, 337 F.3d 387 (4th Cir. 2003), which held that a South Carolina conviction for failure to stop for a blue light was *per se* a violent felony for ACCA purposes.

Petitioner now files for habeas relief pursuant to § 2241 under the savings clause of § 2255, claiming § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner was sentenced as an armed career criminal based in part on a prior South Carolina conviction for failure to stop for a blue light.[3] He contends his sentence is illegal, being in excess of what the law authorizes. Petitioner also claims his "actual innocence" as an armed career criminal because one of the prior convictions used

---

[3] The ACCA, 18 U.S.C. § 924(e)(1) imposes a mandatory fifteen year minimum sentence if a defendant has three or more previous convictions for "crimes of violence" or violent felonies.

4

to determine he was a career criminal "is no longer a violent offense for ACCA purposes," based on the Fourth Circuit's decision in *U.S. v. Roseboro,* 551 F.3d 226 (4th Cir. 2009). Petitioner acknowledges that he cannot bring this issue in a second motion under § 2255 because he cannot meet the gatekeeping provision of § 2255 requiring a "new rule of constitutional law", 28 U.S.C. § 2255(h)(2), which he contends makes § 2255 inadequate and ineffective. Petitioner's § 2241 petition seeks to have his sentence vacated and remanded with instructions to resentence petitioner in accordance with the Fourth Circuit's ruling in *Roseboro*.

## Discussion

A § 2241 habeas petition generally challenges the execution of a sentence rather than its validity, whereas a direct appeal and § 2255 motion challenge the imposition of the sentence, including its validity. *See United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989)(distinguishing between attacks on the "execution of the sentence rather than the sentence itself"); *Evans v. Rivera*, 2009 WL 2232807 (D.S.C. July 23, 2009)(habeas petition under § 2241 "attacks the execution of a sentence rather than its validity")(citation omitted). Petitioner's claims in this case attack the legality of the sentence itself, and are not cognizable claims under 28 U.S.C. § 2241.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255, a new postconviction remedy in the sentencing court, as a substitute for the traditional habeas corpus remedy. *Swain v.*

*Pressley*, 430 U.S. 372, 377-78 (1977). The § 2241 habeas remedy is now very limited for federal prisoners challenging their sentence, and is confined to the § 2255 savings clause. 28 U.S.C. § 2255(e). Only when a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, may § 2241 be used to seek a remedy. *Id.*; *See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997).

Petitioner contends that he cannot bring the claims presented in his § 2241 petition "in a 2nd 2255 motion because the rulings in Begay and Roseboro are not rules of Constitutional law, thus Petitioner cannot satisfy the gatekeeping provision of 2255."[4] He further argues that "[a]s a result 2255 is inadequate or ineffective to test the legality of his detention and under the savings clause of 2255 Petitioner can file a motion pursuant to 28 U.S.C. section 2241." Petition at 4. The savings clause is not satisfied merely because a petitioner is unable to meet the requirements to file a successive § 2255, or if a petitioner's prior § 2255 motion was unsuccessful. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."). In fact, Petitioner filed a motion for a Certificate of Appealability (COA) that challenged the application of the ACCA based on the argument that his conviction for failure to stop for a blue light was not a violent felony. The Fourth Circuit determined that a COA would not issue because Petitioner did not "make a substantial showing of the denial of a constitutional right." *U.S. v. Wilson*, No. 08-7621 (4th Cir. January 13, 2009). The Fourth Circuit's denial of Petitioner's COA does not render the § 2255 remedy inadequate or ineffective. *See In Re*

---

[4] Petitioner refers to the gatekeeping provision of § 2255(h)(2) requiring a "new rule of constitutional law" before bringing a claim in a second motion under § 2255.

*Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*)(the § 2255 remedy is not inadequate or ineffective based simply on inability to obtain relief under § 2255).

In *Jones*, the Fourth Circuit determined, "[t]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* The *Jones* Court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Petitioner's circumstances do not meet these requirements.

Petitioner claims that he was sentenced under § 924(e) as a career offender based in part on a prior South Carolina conviction for failure to stop for a blue light. Binding Fourth Circuit law in place at the time of his sentencing held that such an offense was *per se* a violent felony for purposes of the ACCA. Subsequent to his direct appeal and first § 2255 motion, binding Fourth Circuit law changed to hold that such a conviction is not *per se* a violent felony for purposes of the ACCA, but requires analysis to determine if it qualifies as a violent felony. Petitioner challenges only sentencing enhancements, rather than his conviction, so he cannot establish the second requirement of the *Jones* test that "the conduct of which the prisoner was convicted is deemed not to be criminal." *Id*.; *See James v. Stansberry*, 2009 WL 320606 (E.D.Va. February 9, 2009)(unpublished); *see also United States v. Poole*, 531 F.3d 263, 267 & n. 7 (4th Cir. 2008)(noting that the savings

7

clause does not extend to challenges of sentences only).  Petitioner fails to establish that § 2255 is inadequate and ineffective to test the legality of his detention.

Petitioner further contends "he is 'actually innocent' of the exposure to 'Armed Career Criminal Act' [ACCA] for sentencing enhancement purposes." Petition at 4. Petitioner does not claim to be actually innocent of his conviction for Felon in Possession of a Firearm, as required by the *Jones* test.  Instead, he argues that he is actually innocent of being an armed career criminal, a sentencing enhancement designation.  This court can find no legal precedent permitting a petitioner to challenge his sentence under § 2241 based on being actually innocent of the sentence.  Although the Fourth Circuit, in *United States v. Maybeck*, 23 F.3d 888, 894 (4th Cir 1994), found the petitioner "actually innocent of being a Career Offender because he had only one relevant prior felony conviction instead of the required two (2) predicate felony convictions," the petitioner in *Maybeck* brought his petition pursuant to § 2255 in the sentencing court.  In the case herein, a petition under § 2241 is only available if § 2255 is inadequate or ineffective.  Petitioner has not established that a § 2255 motion is "inadequate or ineffective to test the legality of his detention," which would allow him to proceed under § 2241.

## **Recommendation**

It is recommended that the habeas petition in this case be dismissed without prejudice and without requiring a response from the respondent.  **The petitioner's attention is directed to the important notice on the next page.**


February 2, 2010                                          s/William M. Catoe
Greenville, South Carolina                        United States Magistrate Judge

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).